

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-17-2007

# Jackson v. FDC Honolulu

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5145

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Jackson v. FDC Honolulu" (2007). *2007 Decisions.* Paper 750.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/750

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-264                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-5145
_____

DON WILLIAM JACKSON,

Appellant

v.

FDC-HONOLULU DISCIPLINE HEARING
COMMITTEE; CAMERON LINDESY,
WARDEN, USP CANAAN

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 06-cv-01643)
District Judge:  Honorable William W. Caldwell

_____

Submitted For Possible Summary Action Under
Third Circuit LAR 27.4 and I.O.P. 10.6
June 14, 2007

Before:  BARRY, AMBRO and FISHER, Circuit Judges.

(Filed: July 17, 2007)
_____

OPINION
_____

PER CURIAM

    Don William Jackson, an inmate at USP-Canaan, appeals the District Court's

denial of a petition he filed pursuant to 28 U.S.C. § 2241.  As explained below, because

the appeal does not present a substantial issue, we will summarily affirm the judgment of the District Court.

In his petition, Jackson challenges the result of a prison disciplinary hearing at which he was found guilty of using marijuana. According to Jackson, he was arrested on February 9, 2004. Later that day he arrived at FDC-Honolulu, where officials began taking urine samples from him three days later based on information received from a confidential informant. All the tests performed within 36 days of his arrival were positive for THC, a metabolite of marijuana. As a result of the test on March 17, 2004, Jackson received an incident report. He was charged with use of narcotics, found guilty, and received as sanctions loss of visitation for six months, window visits only for six months, and 60 days' segregation, to be served consecutively. Jackson also states that he was placed in a higher security prison, and cannot be transferred to a facility closer to his family.

In his petition Jackson does not contest that THC was found in his urine but complains that the verdict was not properly supported and should be expunged from his prison file. According to Jackson, he had been regularly using marijuana for 15 years and was smoking it on the day of his arrest. Moreover, the marijuana he used was highly potent and thus, especially in light of his weight (more than 300 pounds), more likely to remain longer in his system. Jackson complains that the prison refused to hear testimony from a toxicologist who would have "dispute[d] the DHO finding of thirty days as the time frame of THC in a persons [sic] system," and points out that all his urine tests after

2

March 17, 2004, were negative. He also complains that the prison refused to hear testimony from the arresting FBI agent, who would have explained that Jackson was smoking marijuana right up to his arrest, and that the testing policies at FCD-Honolulu are "out dated and could not be used to support the finding of narcotic use within the first thirty six days of incarceration."

The District Court declined to decide whether Jackson's petition was properly treated as a § 2241 petition or a § 1983 complaint but found his claims meritless anyway and denied the petition. This appeal followed.[1]

Jackson should have brought his action under § 1983 rather than § 2241. He does not allege that he will stay in prison longer as a result of the disciplinary proceedings, nor do his claims otherwise implicate the fact or duration of his term of incarceration. See Preiser v. Rodriguez, 411 U.S. 475 (1973); Edwards v. Balisok, 520 U.S. 641 (1997); Torres v. Fauver, 292 F.3d 141 (3d Cir. 2002).

Jackson's claims fail under § 1983 because he does not allege that he has suffered a violation of a liberty interest protected by the Due Process Clause. As the District Court explained, the penalties he suffered are not atypical and significant in relation to the ordinary incidents of prison life. As a result, the BOP had no obligation to provide due process. See Sandin v. Conner, 515 U.S. 472 (1995); Torres, supra. Nor were Jackson's due process rights implicated by such collateral consequences as participation in

---

[1]We have jurisdiction under 28 U.S.C. § 1291 and review the District Court's decision de novo. Torres v. Fauver, 292 F.3d 141 (3d Cir. 2002).

3

programs and the location of the prison in which he is housed.  See Olim v. Wakinekona, 461 U.S. 238 (1983) (prisoner has no constitutionally protected interest in the place of his confinement); Meachum v. Fano, 427 U.S. 215 (1976) (liberty interest of prisoner not implicated by transfer from medium to maximum security); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (due process clause not implicated by prison officials' decisions concerning inmate classifications).

Accordingly, we will affirm the judgment of the District Court.